IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MATTHEW RAY LUJAN,

    Plaintiff,

vs.                                                                                  No. CIV 20-0209 JB/KK

EASTERN N.M. MEDICAL CENTER and
ROSWELL POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Matthew Ray Lujan's failure to prosecute his Prisoner's Civil Rights Complaint. See Prisoner's Civil Rights Complaint, filed March 9, 2020 (Doc. 1)("Complaint"). The Honorable Kirtan Khalsa, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Lujan to provide an updated address after he severed contact with the Court. See Order to Show Cause, filed September 22, 2022 (Doc. 14)("Second Show Cause Order"). Because Lujan has not responded to the Second Show Cause Order, the Court, having reviewed applicable law and the record, will dismiss the Complaint without prejudice.

## BACKGROUND

Lujan commenced this case on March 9, 2020, by filing the Complaint. See generally Complaint. The Complaint alleges that Defendants Eastern N.M. Medical Center and Roswell Police Department were deliberately indifferent to Lujan's serious medical needs stemming from injuries sustained during his arrest. See Complaint at 4-8. The Court referred the matter to Magistrate Judge Khalsa for recommended findings and a recommended disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed March 10, 2020

(Doc. 3).

Lujan also filed an application to proceed in forma pauperis.  See Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed March 9, 2020 (Doc. 2)("IFP Application").  By an Order entered March 13, 2020, Magistrate Judge Khalsa granted the IFP Application.  See Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b) and to Make Payments or Show Cause, filed March 13, 2020 (Doc. 4)("IFP Order").  As Lujan did not make an initial partial payment of $11.06 or show cause why he was unable to do so by the deadline set in the IFP Order, Magistrate Judge Khalsa entered an Order to Show Cause on May 29, 2020, requiring Lujan to show cause why the Court should not dismiss this action for noncompliance with the IFP Order.  See Order to Show Cause, filed May 29, 2020 (Doc. 6)("First Show Cause Order").  Lujan responded to the First Show Cause Order on June 15, 2020.  See Brief Response, filed June 15, 2020 (Doc. 7).  Lujan then made three partial filing fee payments, totaling $60.05, between June, 2020 and October, 2020.  See Partial Filing Fee, filed June 17, 2020 (Doc. 8); Partial Filing Fee, filed August 12, 2020 (Doc. 9); Partial Filing Fee, filed October 21, 2020 (Doc. 10).  Lujan also wrote three letters to the Court inquiring about the status of his case.  See Letter from Matthew Ray Lujan, filed January 19, 2021 (Doc. 11); Letter from Matthew Ray Lujan, filed January 25, 2021 (Doc. 12); Letter from Matthew Ray Lujan, filed March 18, 2021 (Doc. 13).  Lujan has not contacted the Court since.

The New Mexico Corrections Department's website reflects that Lujan is no longer in custody, see https://www.cd.nm.gov/offender-search/, and he has not advised the Court of his new address.  Rule 83.6 of the Local Rules of Civil Procedure of the United States District Court for the District of New Mexico provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses."  D.N.M.L.R.-Civ. 83.6.

Lujan did not advise the Court of his new address as D.N.M.L.R.-Civ. 83.6 requires. Magistrate Judge Khalsa directed Lujan to notify the Clerk of his new address within thirty days. See Second Show Cause Order. The Second Show Cause Order warns, "[f]ailure to timely comply with this Order may result in dismissal without further notice." Second Show Cause Order at 2.

Lujan did not provide an updated address by the thirty-day deadline and has not otherwise responded to the Second Show Cause Order. The United States Postal Service returned the Second Show Cause Order as undeliverable with the notation: "RTS [return to sender] released 4/22." Returned Envelope, filed October 21, 2022 (Doc. 15). The Court, therefore, will consider whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules" (quoting Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2007))). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162. Those criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204).

Here, Lujan is no longer in custody at his address of record, and he has not provided an updated address. In light of this noncompliance, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr. See 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204).

**IT IS ORDERED** that: (i) the Prisoner's Civil Rights Complaint, filed March 9, 2020 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

- 5 -

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Matthew Ray Lujan
Santa Fe, New Mexico

    *Plaintiff pro se*